# EXHIBIT A

# COMPLAINT

| | |
|---|---|
| STATE OF MAINE<br>KENNEBEC, SS. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.: |

| | |
|---|---|
| DIANE G. MARTIN,       * | |
|                                  * | |
|    Plaintiff                    * | |
|                                  * | |
| v.                                      * | **COMPLAINT** |
|                                  * | |
| DOLLAR TREE STORES, INC.,   * | |
| MISER INVESTMENTS, LLC,     * | |
| MCCUE CORPORATION, and      * | |
| JOSEPH LAFRANCE,               * | |
|                                  * | |
|    Defendants                * | |
|                                  * | |

NOW COMES Plaintiff Diane G. Martin and complains against Dollar Tree Stores, Inc., Miser Investments, LLC, McCue Corporation, and Joseph LaFrance (collectively, "Defendants") as follows:

## PARTIES AND JURISDICTION

1. Diane Martin is a resident of Ellsworth, Hancock County, Maine.

2. Dollar Tree Stores, Inc. ("Dollar Tree") is a corporation incorporated and headquartered in Virginia. Dollar Tree owns and operates two brands of discount variety stores throughout the United States and Canada: Dollar Tree stores and Family Dollar stores.

3. In total, Dollar Tree owns and operates over 16,000 stores in the United States and Canada.

4. According to its 2022 Annual Report, Dollar Tree made a gross profit of approximately $8.9 billion dollars in fiscal year 2022.

5. One Dollar Tree store is located at 461 High Street, Ellsworth, Maine ("the Ellsworth Dollar Tree").

6. Miser Investments, LLC ("Miser") is a Maine limited liability company owned and operated by some or all of the owners of Marden's Surplus & Salvage, with an established place of business in Kennebec County. At all times relevant, it was the owner/lessor of the Ellsworth Dollar Tree.

7. McCue Corporation ("McCue") is a corporation incorporated in Missouri with a principal place of business in Massachusetts. McCue sells protective equipment, including bollards, suited for retail settings, for industrial settings, and for storefronts.

8. Joseph LaFrance is a resident of Ellsworth, Maine.

9. This Court has jurisdiction pursuant to 4 M.R.S. § 105.

10. Venue in Kennebec County is appropriate pursuant to 14 M.R.S. § 505.

**DOLLAR TREE'S KNOWLEDGE OF THE RISK OF STOREFRONT CRASHES**

11. Among large chain stores, such as Dollar Tree, it is well-understood that storefront crashes pose a danger to chain store customers.

12. There are thousands of storefront crashes every year, killing hundreds of Americans.

13. For many years, Dollar Tree has known that storefront crashes pose a risk to its customers.

14. Indeed, since 2009, there have been at least 140 crashes into Dollar Tree storefronts, the vast majority of which occurred prior to December 5, 2022.

15. Likewise, during that same period, there have been at least 80 crashes into the storefronts of Family Dollar.

16. Many of these storefront crashes resulted in injuries to Dollar Tree and Family Dollar customers.

## THE ELLSWORTH DOLLAR TREE

17. The Ellsworth Dollar Tree is located in the southeast corner of a shopping mall in Ellsworth, Maine.



18. The Ellsworth Dollar Tree is surrounded by parking spaces on three sides, including on the side of its storefront.

19. Parking spaces on the north side of the store are located approximately 30 feet from the Ellsworth Dollar Tree's glass storefront.



20. In December 2022, there was not a raised curb preventing cars from crashing into the storefront of the Ellsworth Dollar Tree.

21. The sole barrier between the parking spaces near the front of the store and the storefront of the Ellsworth Dollar Tree was a semi-circle of yellow bollards.



22. Bollards are metal pipes installed vertically at ground level.

23. Certain bollards are engineered to withstand crashes with motor vehicles ("crash-tested bollards").

24. Crash-tested bollards are engineered to prevent vehicles from crashing through glass storefronts.

25. Other bollards, however, are manufactured for other purposes—such as to be placed in warehouses or inside stores. Such bollards are not manufactured to withstand the force of a collision with a motor vehicle.

26. The bollards outside the Ellsworth Dollar Tree were manufactured by, and purchased from, McCue.

27. The bollards outside the Ellsworth Dollar Tree, however, were not engineered to withstand a crash with a motor vehicle.

28. Upon information and belief, Dollar Tree knew that the bollards it placed outside the Ellsworth Dollar Tree were not crash-tested bollards.

5

29. Nonetheless, it placed the non-crash-tested bollards outside the front entrance of the Dollar Tree in order to give an appearance to the public that the Ellsworth Dollar Tree was a safe place to frequent.

## THE CRASH

30. At approximately 1:31pm on December 5, 2022, Joseph LaFrance attempted to park his Chevrolet pickup truck in a parking spot immediately in front of the Ellsworth Dollar Tree storefront.

31. Apparently intending to place his foot on the brake, LaFrance placed his foot on the gas.

32. His truck accelerated and he crashed into and knocked over a bollard in front of the Ellsworth Dollar Tree, before crashing through the glass doors of the Ellsworth Dollar Tree and into a checkout line.



6



33. At the time of the crash, Diane Martin was standing in the checkout line at the Ellsworth Dollar Tree.

34. LaFrance's truck crashed into Martin before coming to a stop.

35. As a result of the crash, Martin suffered serious and debilitating injuries.

### COUNT I: NEGLIGENCE
### (as to Joseph LaFrance)

36. Plaintiff realleges the previous paragraphs.

37. At all times material to this complaint, LaFrance owed a duty to operate his vehicle in a safe and reasonable manner.

38. LaFrance breached his duty of care by crashing into the Ellsworth Dollar Tree and hitting Martin.

39. Plaintiff's injuries and losses proximately caused by LaFrance's negligence include personal injuries, permanent impairment, emotional distress, lost earnings and earning capacity, medical and life care expenses, pain, suffering, and lost enjoyment of life.

### COUNT II: NEGLIGENCE
### (as to Miser Investments, LLC and Dollar Tree Stores, Inc.)

40. Plaintiff realleges the preceding allegations.

41. Dollar Tree Stores and Miser have a duty to protect customers of the Ellsworth Dollar Tree against risks of harm they knew of, or reasonably should have known of, and against which they could have taken reasonable preventive action.

42. The duty owed by Dollar Tree Stores and Miser included a duty to exercise reasonable care to protect customers, like Martin, from the foreseeable dangers posed by vehicles crashing into the Ellsworth Dollar Tree.

43. Dollar Tree Stores and Miser breached that duty by failing to install suitable bollards and/or take other safety measures adequate to protect customers against vehicles driving from the parking lot into the store through the storefront.

44. As a proximate cause of Dollar Tree Stores and Miser's negligence, LaFrance's vehicle crashed into the Ellsworth Circle K, injuring Martin.

### COUNT III: STRICT LIABILITY PURSUANT TO 14 M.R.S. § 221
### (as to McCue Corporation)

45. Plaintiff realleges the previous paragraphs.

46. At all relevant times, McCue, by and through its agents, servants, employees, and affiliated companies, was engaged in the business of designing, manufacturing, assembling, inspecting, marketing, distributing, and/or selling bollards for commercial purchase and use.

47. The bollards were in a defective and unreasonably dangerous condition at the time they left the control of McCue, and reached Miser Investments and/or Dollar Tree Stores, Inc., without significant change in the condition they were sold.

48. The bollards manufactured, sold, and marketed by McCue were unreasonably dangerous and defective for, *inter alia*, the following reasons:

   (a) the foreseeable risks of harm posed by the bollards could have been reduced or avoided by the provision of reasonable instructions or warnings by McCue, and the omission of the instructions or warnings rendered the product not reasonably safe;

   (b) McCue knew or reasonably should have known that the bollards posed a substantial risk of harm to persons or property;

   (c) those to whom a warning might be provided could have been identified and could reasonably be assumed to be unaware of the risk of harm;

   (d) a warning could effectively be communicated to and acted on by those to whom a warning might have been provided; and

   (e) the risk of harm was sufficiently great to justify the burden of providing a warning.

49. Plaintiff, as a customer of the Ellsworth Dollar Tree, was a person whom McCue might reasonably have expected to be affected by the bollards.

50. Due to the defective and unreasonably dangerous condition of the bollards, Plaintiff suffered personal injuries, permanent impairment, emotional distress, lost earnings and earning capacity, medical and life care expenses, pain, suffering, and lost enjoyment of life.

## COUNT IV: PUNITIVE DAMAGES
### (as to Dollar Tree Stores, Inc.)

51. Plaintiff realleges the previous paragraphs.

52. The above-described conduct of Dollar Tree Stores was undertaken with malice.

53. In the alternative, Dollar Tree Stores engaged in deliberate conduct which, while motivated by something other than ill will toward any particular person, was so reprehensible that malice toward Plaintiff can be implied.

54. Accordingly, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff request judgment against Defendants for compensatory damages, punitive damages, interest, costs, and such other and further relief as this Court deems just and appropriate.

Dated: November 1, 2023

Taylor A. Asen ~ Bar No. 5832
Trevor D. Savage ~ Bar No. 6028
*Attorneys for Plaintiff*

Gideon Asen LLC
95 Main Street #5
Auburn ME 04220
tasen@gideonasenlaw.com
tsavage@gideonasenlaw.com
service@gideonasenlaw.com