# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DIANE G. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.:** |
| v. ) | **1:25-CV-00032-KFW** |
| ) | |
| DOLLAR TREE STORES, INC. and ) | |
| MCCUE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO REMAND

NOW COMES Plaintiff Diane Martin, by and through undersigned counsel and pursuant to 28 U.S.C. § 1446, and hereby submits this Motion to Remand the above-captioned matter to State Court. In support of this Motion, Plaintiff submits her Memorandum of Law and its related exhibits.

WHEREFORE, Plaintiff Diane Martin respectfully requests that this Court remand the above-captioned action to State Court, and order Defendant Dollar Tree to pay Plaintiff reasonable attorneys' fees expended in filing this motion.

Dated: February 3, 2025

/Taylor A. Asen/
Taylor A. Asen, Esq.
Maine Bar No. 5832
Rosalie B.C. Wennberg, Esq.
Maine Bar No. 10316
Gideon Asen LLC
95 Main Street, # 5
Auburn, ME 04210
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DIANE G. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.:** |
| v. ) | **1:25-CV-00032-KFW** |
| ) | |
| DOLLAR TREE STORES, INC. and ) | |
| MCCUE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

Plaintiff Diane Martin ("Plaintiff" or "Ms. Martin"), by and through undersigned counsel, respectfully submits the following memorandum of law in support of her motion to remand the above-captioned matter to State Court. Federal law bars Defendant Dollar Tree, Inc. ("Defendant" or "Dollar Tree") from removing this action because more than a year has passed since it was filed, and Defendant has not met its burden of proving (nor has it even alleged) that Plaintiff acted in bad faith to prevent Defendant from removing the case to Federal Court during that year. In addition, Plaintiff respectfully requests that this Court award Plaintiff costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

**FACTS**

I. **Factual History**

Diane Martin is a resident of Ellsworth, Maine. *See* Complaint ("Compl.") (Docket Doc. 1-1) at ¶ 1. Defendant Dollar Tree is a corporation that owns and operates thousands of discount

stores in the United States and Canada. *Id*. at ¶ 3. One such store (the "Ellsworth Dollar Tree") is located at 461 High Street in Ellsworth, Maine. *Id*. at ¶ 5.

Storefront crashes kill hundreds of Americans every year. *Id*. at ¶ 12. The danger posed by storefront crashes is well-known to Dollar Tree: there have been at least 140 storefront crashes at stores owned and operated by Dollar Tree since 2009, many of which resulted in injuries to Dollar Tree customers. *Id*. at ¶¶ 14-16.

Parking spaces for the Ellsworth Dollar Tree are located approximately 30 feet from its glass storefront. *Id*. at ¶¶ 18-19. In December 2022, there was no raised curb preventing cars from crashing into the glass storefront. *Id*. at ¶ 20. The sole barrier between the parking lot and the glass storefront was five bollards inserted into the ground. *Id*. at ¶¶ 21-22.

Certain "crash-tested" bollards are designed to protect from storefront crashes. *Id*. at ¶¶ 23-24. As Dollar Tree knew when it installed them, however, the bollards in front of the Ellsworth Dollar Tree were not engineered to withstand a motor vehicle crash. *Id*. at ¶¶ 24-25, 27-28. Nonetheless, it placed these bollards outside the Ellsworth Dollar Tree to give the appearance to the public that the store was a safe place to shop. *Id*. at ¶ 29.

At 1:31 pm on December 5, 2022, Diane Martin was standing in the checkout line at the Ellsworth Dollar Tree. *Id*. at ¶ 33.[1] At the same time, Joseph LaFrance was attempting to park his vehicle in front of the Ellsworth Dollar Tree. *Id*. at ¶ 30. Mr. LaFrance intended to place his foot on the brake, but instead placed his foot on the gas pedal. *Id*. at ¶ 31. Mr. LaFrance's vehicle ran through and over the non-crash-tested bollard, crashing into the glass storefront of the Ellsworth Dollar Tree and into the checkout line, injuring Plaintiff. *Id*. at ¶¶ 32, 34-35.

---

[1] Ashley L. Keefe and Astor Gillis, who have brought their own actions against Dollar Tree relating to this incident, were also in the checkout line at the time of the crash. To Plaintiff's knowledge, these related actions have not been removed by Dollar Tree.

## II. Procedural History

### A. The Complaint

Plaintiff filed this action in the Kennebec County Superior Court on or about November 6, 2023. *See* State Court Docket (Docket Doc. 1-2) at 1. The named defendants were Dollar Tree; Miser Investments, LLC ("Miser"); McCue Corporation ("McCue"); and Mr. LaFrance. *See* Compl.

Dollar Tree is a corporation incorporated and headquartered in Virginia. *Id*. at ¶ 2. Miser, the owner and lessor of the Ellsworth Dollar Tree, is a Maine limited liability company. *Id*. at ¶ 6. McCue, a corporation that sells protective equipment, including the bollards installed at the Ellsworth Dollar Tree, is incorporated in Missouri and has a principal place of business in Massachusetts. *Id*. at ¶¶ 7, 26.

Plaintiff's Complaint included a request for compensatory damages and a claim for punitive damages. Compl. at ¶¶ 44, 54.

### B. Dollar Tree's First Motion for Judgment on the Pleadings

On January 24, 2024, the case was transferred to the Maine Business and Consumer Court Docket ("BCD"). On April 10, Dollar Tree filed a motion for judgment on the pleadings nearly identical to the motion it filed in front of this Court on January 27, 2025. State Court Docket at 3; *see also* Exhibit A, Defendant Dollar Tree's State Court Motion for Judgment on the Pleadings. After the matter was briefed by both sides, Judge Michael Duddy denied the motion on June 10. State Court Docket at 4.[2]

---

[2] Judge Duddy's Order is conspicuously absent from the State Court Orders submitted as Exhibit D (Docket Doc. 1-4) to Dollar Tree's Notice of Removal.

3

### C. Settlement with Mr. LaFrance and Settlement Discussions with Dollar Tree

Plaintiff settled her claim against Mr. LaFrance, who was dismissed on August 6. State Court Docket at 4.

At the request of counsel for Dollar Tree, Plaintiff sent Dollar Tree a demand letter on October 7. *See* Exhibit B, Declaration of Taylor A. Asen, Esq. ("Asen Decl.") at ¶ 4. Plaintiff demanded $4.5 million dollars to release Dollar Tree from the case. *Id.*

### D. Dismissal of Miser

On October 30, counsel for Miser's attorney wrote Plaintiff's counsel, requesting that Plaintiff dismiss Miser without prejudice. *Id.* at ¶ 5; *see also* Exhibit C, Letter from Frederick F. Costlow, Esq. After reviewing the relevant discovery and case law, Plaintiff's attorneys came to the conclusion that Plaintiff likely did not have a viable claim against Miser. *Id.* at ¶ 6.

On or about December 6, counsel for Plaintiff received from Miser's counsel a proposed joint motion to dismiss Miser. Asen Decl. at ¶ 7. On December 9, Attorney Wennberg signed a consented-to motion to dismiss Miser without prejudice and returned it to counsel for Miser. *Id.* The joint motion was granted on January 16, 2025. State Court Orders (Docket Doc. 1-4) at 37.

### E. Removal

Dollar Tree filed a motion to remove this action to this Court on January 27, 2025.

McCue did not consent to the motion. *See* Exhibit D, Declaration of Mark Franco, Esq.

### **STANDARD OF REVIEW**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A defendant desiring to remove any civil action from a state court must abide by the requirements set forth in 28 U.S.C. § 1446(b). Among other things, this subsection provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). In addition, under § 1446(b)(3), when a case becomes removable, the defendant must file a notice of removal within 30 days of ascertaining its removability. *Id.* at (b)(3).

Where, as here, removal is based on diversity of citizenship, the removing party must also abide by the provisions of § 1446(c). Among other things, § 1446(c) provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1).

These "removal statutes are strictly construed," and a removing defendant has "the burden of showing the federal court's jurisdiction." *Danca v. Private Health Care Sys. Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (internal citations omitted). "Any doubt as to the propriety of removal is resolved in favor of remand." *Violette v. Capital One Bank (USA), N.A.*, No. 1:20-cv-00472, 2021 U.S. Dist. LEXIS 85197, at *2 (D. Me. May 4, 2021) (citations omitted).

An order for remand may require payment of costs, expenses, and attorneys' fees. 28 U.S.C. § 1447(c).

## **ARGUMENT**

A.  **Dollar Tree Has Not Satisfied the Requirements of Removal**

　　1.  **Dollar Tree Does Not Satisfy the General Requirements of Removal**

Dollar Tree's failure to obtain the consent of Defendant McCue renders its removal of this action improper under 28 U.S.C. § 1446(b)(2)(A). *Hamilton v. Fed. Home Loan Mortg. Corp.*, No.

5

2:13-cv-00414-JAW, 2014 U.S. Dist. LEXIS 49809, *4 (D. Me. Mar. 3, 2014). This defect alone justifies remand. *See, e.g., Calderon v. Hard Candy, LLC*, No. 3:22-CV-02789-NJR, 2023 U.S. Dist. LEXIS 122790 (S.D. Ill. July 17, 2023).

### 2. Dollar Tree Does Not Meet the Requirements of Removal Based on Diversity

Dollar Tree's notice of removal is untimely, and it has not shown—or even attempted to show—that the "bad faith" exception to the one-year deadline imposed by § 1446(c)(1) applies. The exception is narrow. *Aroostook Cty. Fed. S & L v. Marrett*, No. 1:23-cv-00006-JAW, 2023 U.S. Dist. LEXIS 62072, *7-8 (D. Me. Apr. 10, 2023). "Courts that have addressed bad faith under § 1446(c)(1) have looked for the defendant to demonstrate that the plaintiff engaged in 'strategic gamesmanship to prevent a defendant's removal from state court.'" *Id*. at *8 (quoting *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014)). Courts define this gamesmanship as "intentional conduct—action or inaction—to defeat removal." *Id*. at *8-9 (internal quotation marks and citation omitted).

Aside from its gratuitous suggestion that Plaintiff deliberately failed to disclose the amount in controversy, discussed fully in part B, *infra*, Dollar Tree provides no evidence—or even allegation—of Plaintiff's bad faith gamesmanship. Rather, Dollar Tree appears to propose a new standard by which to assess untimely removal under § 1446(c)(1): "… Dollar Tree was unable to remove until January 17, 2024 [sic]. This delay prejudiced Dollar Tree's right to remove this case to federal court and requires a finding from this Court." Notice of Removal at 2.

Plaintiff is aware of no exceptions to the one-year limit for defendants who allege they have been prejudiced by the natural course of the litigation. Nor is it clear how litigating this case in state court has "prejudiced" Dollar Tree, particularly since it has apparently declined to seek removal of the related cases arising out of this incident. *See supra.*

6

### B.     An Award of Attorneys' Fees Is Merited Under § 1447(c)

Section 1447(c) provides in relevant part that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts have noted that § 1447(c) "provides a *lower* hurdle for a fees award then Rule 11." *Aventura Isles Master Homeowner's Ass'n v. Lujan*, 2020 U.S. Dist. LEXIS 229361, at *12 (S.D. Fla. Dec. 4, 2020) (emphasis in original).

As the Supreme Court explained, the imposition of costs and fees, where appropriate, is essential to deterring abuse of the removal process.

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

"Bad faith is not a necessary condition for such an award under [§ 1447(c)]." *Net 2 Press, Inc. v. Nat'l Graphic Supply Corp.*, 324 F. Supp. 2d 15, 19 (D. Me. 2004) (collecting cases). Rather, "it is appropriate to make such an award when removal was obviously improper." *Id.* (citing *State of Maine v. Data General Corp.*, 697 F. Supp. 23, 26 (D. Me. 1988)); *see also Chadbrown v. Coles*, No. 2:11-cv-00145-GZS, 2012 U.S. Dist. LEXIS 172597, at *8 (D. Me. Nov. 6, 2012) (award of fees and costs appropriate where the removing party "lacked an objectively reasonable basis for removal").

For several reasons, the award of attorneys' fees is appropriate in this case.

7

First, Dollar Tree's removal was patently frivolous, as removal occurred more than a year after commencement of the claim and there is no colorable claim that Plaintiff acted in bad faith. Indeed, Dollar Tree tacitly admits as much, failing to even allege bad faith on Plaintiff's part in its notice of removal. Dollar Tree's failure to even attempt to raise a legitimate exception to the one-year rule is grounds enough for an award of fees and costs. *Hajdasz v. Magic Burgers, LLC*, No. 6:18-cv-1755, 2018 U.S. Dist. LEXIS 222910, at *37-38 (M.D. Fla. Dec. 10, 2018) (determining that "[i]t was objectively unreasonable for Magic Burgers to remove the case to this Court without even mentioning in its two-page Notice of Removal an exception to overcome the one-year bar for diversity cases in § 1446(c)").

Second, Dollar Tree disingenuously suggests that by requesting "an unspecified number of damages" in the Complaint, Plaintiff deliberately failed to disclose the amount in controversy and that such conduct supports Dollar Tree's untimely removal. *See* Notice of Removal at 5; *see also* 28 U.S.C. § 1446(c)(3)(B). Maine law does not permit a civil plaintiff to include a dollar amount in their complaint. 14 M.R.S. § 52.[3] Moreover, Plaintiff has been transparent in her estimation of that the value of this case far exceeds $75,000; she offered to settle her claim against Dollar Tree for several millions of dollars in October 2024.

Third, Dollar Tree failed to obtain consent of its co-defendant, McCue Corporation. *See Leeward Sound Corp. v. Serv. Ins. Co.*, No. 2:14-CV-240-FTM-38DN, 2014 WL 4376189, at *2 (M.D. Fla. Sept. 4, 2014) (granting fees where defendant failed to obtain consent of co-defendant, rendering removal improper). Worse, Dollar Tree's Notice is written in such a manner as to intimate that consent was obtained; it avers that "McCue Corporation's Counsel stated that he did

---

[3] The removal statute specifically contemplates this situation. If the state in which the action is filed does not permit the demand of a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii).

not have an objection to such removal." Notice of Removal at 1. Although Dollar Tree's counsel was careful not to explicitly state that McCue affirmatively consented to the motion, the statement has no other relevance to the notice of removal except to the extent that it relates to the "join in or consent" requirement set forth in § 1446(b)(2). In other words, Dollar Tree's claim is meant to imply, spuriously, that it had abided by that provision.

Finally, by re-filing its previously-defeated motion for judgment on the pleadings simultaneously with its notice of removal, Dollar Tree has compounded the burden placed on Plaintiff: it has compelled Plaintiff to expend time and resources fighting not only Dollar Tree's frivolous removal, but also a second motion that this Court lacks jurisdiction to consider. Under these circumstances, the Court should employ § 1447(c) to "reduc[e] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. *Martin*, 546 U.S. at 140.

## CONCLUSION

WHEREFORE, Plaintiff Diane Martin respectfully requests that this Court remand the above-captioned action to State court, and order Defendant Dollar Tree to pay Plaintiff reasonable attorneys' fees expended in filing this motion.

Dated: February 3, 2025

/Taylor A. Asen/
Taylor A. Asen, Esq.
Maine Bar No. 5832
Rosalie B.C. Wennberg, Esq.
Maine Bar No. 10316
Gideon Asen LLC
95 Main Street, # 5
Auburn, ME  04210
Attorneys for Plaintiff