# Exhibit A

| | |
|---|---|
| STATE OF MAINE<br>KENNEBEC, ss. | BUSINESS & CONSUMER COURT<br>CIVIL ACTION<br>DOCKET NO: BCD-CIV-2024-00003 |

DIANE G. MARTIN, )
                                                            )
    Plaintiff, )
                                                            )
v. )
                                                            )
DOLLAR TREE STORES, INC., )  **DEFENDANT/THIRD-PARTY PLAINTIFF**
MISER INVESTMENTS, LLC, )  **DOLLAR TREE STORES, INC.'S MOTION**
MCCUE CORPORATION, and )  **FOR JUDGMENT ON THE PLEADINGS**
JOSEPH LAFRANCE, )
                                                             )
    Defendants, )
                                                             )
and )
                                                             )
DOLLAR TREE STORES, INC., )
                                                             )
    Defendant/Third-Party Plaintiff, )
                                                             )
v. )
                                                             )
MARCO CONTRACTORS, INC., )
                                                             )
    Third-Party Defendant. )

NOW COMES the Defendant/Third-Party Plaintiff Dollar Tree Stores, Inc. (hereinafter "Dollar Tree") by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and hereby respectfully moves pursuant to Maine Rules of Civil Procedure 12(c) for the dismissal of Plaintiff, Diane G. Martin's, (hereinafter "Plaintiff" or "Martin") Complaint as follows:

## BACKGROUND

On November 1, 2023, Plaintiff filed her initial Complaint against Dollar Tree Stores, Inc., alleging negligence arising out of an incident that occurred on December 5, 2022, in which Defendant, Joseph LaFrance, drove his vehicle through the front doors of the Dollar Tree store

located at 461 High Street, Ellsworth, Maine (hereinafter "the Subject Store") striking the Plaintiff and allegedly causing injuries.[1]  On December 5, 2022, Dollar Tree operated the Subject Store located at 461 High Street, Ellsworth, Maine. *See* Plaintiff's Complaint.  The Plaintiff's Complaint does not allege that there have been prior similar incidents involving a vehicle crashing through the front entrance of the Subject Store. *See* Plaintiff's Complaint.  Moreover, the Complaint does not allege there have been prior similar incidents involving vehicles crashing through the front entrance of a Dollar Tree Store in the state of Maine prior to the December 5, 2022 subject incident. *See* Plaintiff's Complaint.

Plaintiff's Complaint alleges that Dollar Tree owed a duty to protect customers against risks of harm they knew or, reasonably should have known of, and against which they could have taken reasonable preventative action. *See* Plaintiff's Complaint.  Plaintiff further alleges that Dollar Tree breached its duty to customers, including Plaintiff, by failing to install "suitable bollards and/or take other safety measures to protect customers against vehicles driving from the parking lot into the store through the storefront." *See* Plaintiff's Complaint.

However, Plaintiff's Complaint fails to allege any facts that would place the Subject Store on actual or constructive notice of the risk of a vehicle crashing through the front doors of the Subject Store. Furthermore, Plaintiff's allegations, even when examined in the light most favourable to Plaintiff, would not entitle Plaintiff to any relief from Dollar Tree given that Dollar Tree cannot be found to have breached any duty owed to Plaintiff, nor could Dollar Tree's actions be found the be the proximate cause of Plaintiff's alleged damages. Accordingly, Plaintiff has failed to state a claim for which relief can be granted, and the Complaint against Dollar Tree must be dismissed as a matter of law.

---

[1] On or about January 24, 2024, this case was transferred into the ME Business and Consumer Court.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim. *Monopoly, Inc. v. Aldrich*, 683 A.2d 506, 510 (Me.1996); 1 Field, McKusick & Wroth, Maine Civil Practice § 12.14 at 253 (2d ed.1970). In reviewing a dismissal motion, the court assumes all factual allegations in the complaint are true, *Monopoly, Inc. v. Aldrich*, 683 A.2d at 510 (Me.1996), and views the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling plaintiffs to relief pursuant to some legal theory. *Id.*; *New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d at 674-75. The court may grant dismissal only when it appears beyond doubt that plaintiffs are entitled to no relief under any set of facts that may be proved in support of their claim. *Monopoly. Inc. v. Aldrich*, 683 A.2d at 510 (Me.1996).

## ARGUMENT

### I.  Plaintiff Fails to State a Claim of Negligence Against Dollar Tree.

To survive a judgment on an action alleging negligence, the plaintiff must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages. *Maravell v. R.J. Grondin & Sons,* 2007 ME 1, ¶ 7, 914 A.2d 709, 712; *quoting Maddocks v. Whitcomb,* 2006 ME 47, ¶ 10, 896 A.2d 265, 268. In this case, Plaintiff has failed to establish a prima facie case of negligence, as Plaintiff is unable to prove any set of facts that would establish a duty to protect Plaintiff from the potential harm of errant vehicles careening into the store front of the Subject Store on the part of Dollar Tree. Accordingly, there is no set of facts that Plaintiff could prove to establish a breach of a duty that was not owed to her, nor that Dollar Tree is the proximate cause of her alleged damages.

### A. Plaintiff Fails to Allege and Cannot Sustain a Claim that Dollar Tree Owed Her a Duty to Warn of or Protect Her From an Errant Vehicle Injuring Her.

"The existence of duty is a question of law. Duty involves the question of whether the defendant is under any obligation for the benefit of the particular plaintiff. When a court imposes a duty in a negligence case, the duty is always the same – to conform to the legal standard of reasonable conduct in the light of the apparent risk," *Searles v. Trs. Of St. Joseph's Coll.*, 1997 ME 128, ¶ 5, 695 A.2d 1206, 1209.

In *Howe v. Stubbs*, 570 A.2d 1203-1204 (Me. 1990), the plaintiff brought an action for negligence against Kennebec Wine and Cheese, Co. and Robert and Sharon Stubbs for failure to protect her, a customer at the store, from a vehicle that had crashed into the store and for failure to warn her of the risk of injury from such accident. The facts established that three (3) similar accidents had occurred over the last twenty-five (25) years at this location. *Id*. The Supreme Judicial Court of Maine held that the store did not owe a duty to warn plaintiff of that danger, nor was the store required to provide barriers to protect her as a matter of law. *Id.* That Court held that because only three (3) similar accidents had occurred over the last twenty-five (25) years at that location, no duty could be imposed on the store to warn or protect plaintiff from the errant vehicle that injured her. *Id*.

In the instant matter, Plaintiff alleges that since 2009, one hundred and forty (140) car crashes occurred at Dollar Tree storefronts and eighty (80) more crashes had taken place in the storefronts of Family Dollar. *See* Plaintiff's Complaint. However, even if this is assumed to be true, this is inconsequential for two reasons. First, there is no allegation that any such incident had taken place at the Subject Store prior to the December 5, 2022 incident and at any of Dollar Tree's stores throughout the State of Maine. *See* Plaintiff's Complaint. Accordingly, it would not be

foreseeable that an errant vehicle would impact the front of the Subject Store, and no duty could be imposed on Dollar Tree to warn of or protect against such an incident.

Second, there are over 16,000 Dollar Tree and Family Dollar stores nationwide. *See* Plaintiff's Complaint. Even when accounting for all alleged similar incidents as set forth in Plaintiff's Complaint, which include those that took place after the subject incident, this works out to 0.01 accidents per store in the last twenty-five (25) years. Applying the logic in *Howe*, where a store did not owe a duty to warn of or protect customers from errant vehicles after three (3) such incidents occurred at the same store over a twenty-five (25) year period, no such a duty could be imposed on Dollar Tree in this case where no similar accidents had occurred at the subject store, and even extrapolating incidents from around the country would results in 0.01 accidents.

Given the above, even when examining the Complaint in the light most favorable to Plaintiff, she is unable to prove an essential element of her claim against Dollar Tree under any set of facts. As Plaintiff cannot establish that Dollar Tree owed her a duty to protect her from or warn her about errant vehicles driving through the store front, her Complaint against Dollar Tree must be dismissed.

As noted above, because Plaintiff cannot establish that Dollar Tree owed her such a duty, Dollar Tree similarly cannot be said to have a breached a duty that it did not owe to Plaintiff.

### B. Plaintiff Fails to Allege and Cannot Sustain a Claim that Dollar Tree's Actions were the Proximate Cause of Her Alleged Injuries.

Finally, Plaintiff is unable to establish under any set of provable facts that Dollar Tree's conduct was the proximate cause of her alleged injuries. "Proximate cause is an action occurring in a natural and continuous sequence, uninterrupted by an intervening cause that produces an injury

that would not have occurred but for the action." *Cyr v. Adamar Associates, Ltd. Partnership* 2000 ME 110, ¶ 6, 752 A.2d 603, 604; *citing Webb v. Haas*, 1999 ME 74, ¶ 20, 728 A.2d 1261, 1267. "A negligent act is the proximate cause of an injury only if the actor's conduct is a substantial factor in bringing about the harm." *Id*. Although proximate cause is usually a question of fact for the jury, the court has a duty to a direct a verdict for the defendant if the jury's determination of proximate cause would be based on speculation or conjecture. *Id*.

In the instant matter, there was an intervening cause that interrupted the natural and continuous sequence of Dollar Tree's actions when Defendant Joseph LaFrance lost control of his vehicle crashing through the front of the Subject Store. Furthermore, this intervening act of Defendant Joseph LaFrance careening his vehicle through the storefront, was the substantial factor in bringing about the alleged harm suffered by Plaintiff. Plaintiff is unable to establish under any set of provable facts that Dollar Tree's actions were the proximate cause of her alleged injuries. Accordingly, Plaintiff is unable to establish a prima facie case of negligence against Dollar Tree as she is unable to show that Dollar Tree owed her a duty to protect her from or warn her of a vehicle impacting the Subject Store, that Dollar Tree breached that duty, or that Dollar Tree's action were the proximate cause of her injuries. Therefore, Plaintiff's Complaint against Dollar Tree must be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Dollar Tree respectfully requests that Plaintiff's Complaint be dismissed as to the claims against Dollar Tree with prejudice, and grant all other relief this Court deems just and proper.

        Respectfully submitted,

        THE DEFENDANT,
        DOLLAR TREE STORES, INC.
        By its attorney,

        */s/ Nancy Kelly*
        Nancy Kelly, Esq. - Bar No. 7325
        GORDON REES SCULLY MANSUKHANI, LLP
        28 State Street, Suite 1050
        Boston, MA  02109
        Phone: 857-504-2023
        nkelly@grsm.com

Dated: April 10, 2024

## NOTICE

**ANY MATTERS TO BE SUBMITTED IN OPPOSITION TO THIS MOTION PURSUANT TO RULE 7(c) OF THE MAINE RULES OF CIVIL PROCEDURE MUST BE FILED NO LATER THAN TWENTY-ONE (21) DAYS AFTER THE FILING OF THIS MOTION UNLESS ANOTHER TIME IS PROVIDED BY SUCH RULES OR SET BY THE COURT.  FAILURE TO FILE TIMELY OPPOSITION WILL BE DEEMED A WAIVER OF ALL OBJECTIONS TO THIS MOTION, WHICH MAY BE GRANTED WITHOUT FURTHER NOTICE OF HEARING.**

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DIANE G. MARTIN, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>DOLLAR TREE STORES, INC. )<br>MCCUE CORPORATION )<br>  )<br>  Defendants. ) | **Case No.:**<br>**1:25-CV-00032-KFW** |

## DECLARATION OF TAYLOR A. ASEN, ESQ.

Under 28 U.S.C. § 1746, I, Taylor A. Asen, Esq., under the penalty of perjury, do declare as follows:

1. I submit this declaration in support of Plaintiff Diane Martin's Motion to Remand the above-captioned matter to State Court for continued proceedings.

2. I, along with my co-counsel Rosalie B.C. Wennberg, Esq., represent Plaintiff Diane Martin.

3. Nelson Rainey, Esq., counsel for Defendant Dollar Tree, requested that Plaintiff send his office a demand letter stating our required settlement amount on or about October 1, 2024.

4. My office sent Attorney Rainey a demand letter on October 7. Our settlement demand exceeded $75,000. Indeed, Plaintiff demanded $4.5 million dollars.

5. On October 30, Attorney Frederick Costlow, Esq., counsel for Miser, wrote a letter to my office requesting that Miser be dismissed from the case. Specifically, Attorney Costlow proposed that Plaintiff agree to dismiss the claim against Miser, without prejudice, and that his client "would agree to not object to being brought back into the case if facts are unearthed to

suggest there is some liability on [the part of] Miser." Attorney Costlow explained that, in the alternative, he intended to move for summary judgment. In that letter, Attorney Costlow noted that, while "at the outset you did not know who selected the bollards in question," "[n]ow you do."

6. After researching the law on this issue and reviewing the discovery, I came to agree with Attorney Costlow that we did not have a viable claim against Miser.

7. On or about December 6, 2024, my office received Miser's proposed joint motion to dismiss Miser. Attorney Wennberg signed it on Plaintiff's behalf on December 9.

Executed on this 3rd day of February, 2025.

/Taylor A. Asen/
Taylor A. Asen, Esq.
Maine Bar No. 5832
Gideon Asen LLC
95 Main Street, # 5
Auburn, ME  04210
Attorney for Plaintiff

# Exhibit C

# Richardson Whitman

Frederick F. Costlow
(207)945-5900
*fcostlow@rwlb.com*

October 30, 2024

VIA EMAIL ONLY tasen@gideonasenlaw.com;
tsaveage@gideonasenlaw.com; service@gideonasenlaw.com

Taylor A. Asen, Esq.
Trevor D. Savage
Gideon Asen LLC
95 Main Street, #5
Auburn, ME 04220

VIA EMAIL ONLY ccausey@bourqueclegg.com; skostis@bourqueclegg.com

Christopher R. Causey, Esq.
Bourque Clegg Causey & Morin LLC
949 Main Street
PO Box 1068
Sanford, ME 04073

VIA EMAIL ONLY colin@lowrylaw.com

Colin B. Reilly, Esq.
Lowry & Associates Attorneys
33 McAlister Farm Road, Suite 203
Portland, ME 04103

RE:   Diane G. Martin v. Miser Investments LLC, Dollar Tree Stores, Inc., et al
         Docket No.: BCD-CIV-2024-00003
RE:   Astor Gillis v. Miser Investments LLC, Dollar Tree Stores, Inc., et al
         Docket No.:  BCD-CIV-2024-00004
RE:   Ashley L. Keefe v. Miser Investments LLC, Dollar Tree Stores, Inc., et al
         Docket No.: BCD-COV-2024-00012

Dear Gentlemen:



Richardson, Whitman, Large & Badger
81 Main Street, Suite 400, P.O. Box 2429 / Bangor, ME 04402-2429 / 207.945.5900 / www.rwlb.com

October 30, 2024
Page 2

    I have been a party to this case, but it is clear there is no liability on the part of my client, Miser Investments, LLC. Miser Investments owned the building and leased it to Dollar Tree. The possessor for the purpose of premised liability is Dollar Tree.

    As you know from the recent deposition of Defendant Dollar Tree's designee that they chose to put bollards in and selected the type. I just do not see a basis for Miser Investments, LLC to be a Defendant. I can file a Summary Judgment but would prefer not to. Would you give me a Voluntary Dismissal without Prejudice? I would agree to not object to being brought back into the case if facts are unearthed to suggest there is some liability on Miser. Does that work?

    I understand at the outset you did not know who selected the bollards in question. Now you do. Let me know your position. If you disagree and intend to oppose the Summary Judgment, what is the alleged negligence being claimed. I am at a loss on that issue.

    Thank you for your consideration and cooperation. Call me anytime to discuss it.

Sincerely yours,

Frederick F. Costlow

FFC/ko

# Exhibit D

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DIANE G. MARTIN,        ) | |
|        Plaintiff,        ) | |
|                ) | **Case No.:** |
| v.        ) | **1:25-CV-00032-KFW** |
|                ) | |
| DOLLAR TREE STORES, INC.        ) | |
| MCCUE CORPORATION        ) | |
|        Defendants.        ) | |

### DECLARATION OF MARK V. FRANCO, ESQ.

Under 28 U.S.C. § 1746, I, Mark V. Franco, Esq., under the penalty of perjury, do declare as follows:

1. I am counsel of record for Defendant McCue Corporation in the above-captioned matter.

2. On January 17th, 2025, Trager Metge, Esq., counsel for Defendant Dollar Tree Stores, Inc., contacted me to inform me he intended to remove this matter from State Court to this Court.

3. I informed Attorney Metge that I could not agree to or consent to the Notice of Removal without my client Defendant McCue Corporation's consent. I informed him that I could not take a position on his motion.

Executed on this 28th day of January 2025.

/s/ Mark V. Franco
_____

Mark V. Franco, Esq. Bar #2967