UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

CIVIL ACTION NO. 1:25-cv-00032-KFW

| | |
|---|---|
| DIANE G. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DOLLAR TREE STORES, INC. and MCCUE CORPORATION | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT DOLLAR TREE's REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Dollar Tree Stores, Inc. (hereinafter "Dollar Tree") hereby respectfully submits the following Reply Memorandum of Law in support of its Motion for Judgment on the Pleadings.

**INTRODUCTION**

Plaintiff's Opposition arguments do not negate the central dispositive issues raised by Dollar Tree's Motion for Judgment on the Pleadings. The Opposition's arguments cannot deny the ruling in *Howe v. Stubbs* that, on facts that provided more notice as to the risk of vehicular collisions into a storefront than those before this Court, Maine's highest state court found that the defendant was under no duty as a matter of law. 570 A.2d 1203 (Me. 1990). Without duty as a matter of law, there is no breach of any duty, and no proximate cause. Due to its failure to establish these essential elements of their negligence claim, Plaintiff's Complaint cannot raise a right to relief and must be dismissed.

**ARGUMENT**

As a threshold matter, Justice Michael A. Duddy's denial of Dollar Tree's Motion in Business and Consumer Court requires more context than Plaintiff's Opposition provides. While his June 10,

1

2024, order does state that Dollar Tree's reliance on *Howe v. Stubbs* was misplaced, it does not do so as generally as Plaintiff insinuates: the order's next sentence states that "Howe was a summary judgment case, decided after a factual record was developed." Ex. B., Pltf.'s Mot. Opp. Plaintiff's memorandum does not oppose the fact that this Court has held that "whether a duty of care exists is a legal question" and that a 12(c) motion is an appropriate method of disposal when a defendant does not owe a plaintiff a duty as a matter of law. *Sebago Land Devs., Inc. v. Crum & Forster Specialty Ins. Co.*, 2024 U.S. Dist. LEXIS 159322, at *19 (D. Me. 2024).

This nuance is crucial precisely because *Howe v. Stubbs* articulates Maine law on the issue of duty in vehicular storefront collisions on facts that provided more notice to the store in question than those presented in Plaintiff's Complaint. *See* 570 A.2d, at 1203–04. While the *Howe* court did not explicitly articulate a rule creating a threshold number or rate of previous storefront vehicle collisions, it held that a vehicular collision—the fourth in twenty-five years at the specific store in question—"did not impose on these defendants a duty either to warn of or to protect from the errant vehicle that injured Howe." *Id.* Dollar Tree is not requesting that this Court write a math equation into law. It is requesting a common-sense interpretation of a clear, controlling holding on facts that provided more foresight to a defendant than those presented to the Court.

Plaintiff's Opposition is rife with speculation as it writhes to find some method to overcome the fact that Maine's highest state Court has ruled on the matter of duty in storefront collisions. The Opposition states that "Dollar Tree's installation of bollards at the Ellsworth Dollar Tree…belies any notion that storefront crashes were unforeseeable at this *very location*, let alone at any given store." Pltf.'s Mot. Opp. at 6. But bollards do not have the sole purpose of preventing storefront crashes.[1] The Opposition states that "storefront crashes occur at Dollar Trees as a result of the manner in which the

---

[1] While the Plaintiff does receive the benefit of this Court taking all well-pleaded facts in the light most favorable to it, *Najas Realty, LLC v. Sekonk Water Dist.*, 821 F.3d 134, 140 (1st Cir. 2016), it cannot submit fresh and generalized statements and marshal those statements in defiance of clear state law holdings.

stores [are] laid out" to differentiate from the *Howe* Court's finding of no duty to protect against storefront collisions, which Plaintiff interprets as the "result of the geography of the location where the crash occurred." *Id.* at 8. But these general speculations are groundless—identifying a single cause of storefront collisions for a store with "thousands of discount stores in the United States and Canada" defines an exercise in futility that guarantees inaccuracy.[2] *Id.* at 2. Moreover, the Complaint alleges no such thing. *See* Compl. at ¶¶ 18–20. The Opposition states that Dollar Tree "seeks to evade any responsibility for its failure to adequately protect its patrons." Pltf.'s Mot. at 9. But Dollar Tree only seeks clarification for the duties imposed upon it by Maine's law. And, on that issue, the Maine Law Court has spoken: after recognizing the "general duty of a business proprietor to exercise reasonable care to prevent injury to business invitees," it still held that the Defendant did not owe a duty to protect from injuries due to an errant vehicle. *Howe*, 570 A.2d at 1203–04 (quoting Restatement (Second) of Torts § 314A(3) (1965)).

## CONCLUSION

Plaintiff's arguments in opposition to Dollar Tree's Motion for Judgment on the Pleadings do nothing to establish the requisite elements of a prima facie negligence case against Dollar Tree. The fact remains that under Maine law, the Complaint is unable to raise a right to relief above the speculative level as to three of the four elements of a negligence case against Dollar Tree. Plaintiff's Complaint against Dollar Tree must be dismissed as a matter of law.

---

[2] The opposition's own cited authority recognizes the nuance inherent to different storefront collisions at different stores. *Dubuque v. Cumberland Farms, Inc.*, 93 Mass. App. Ct. 332 (2018). However, *Dubuque*'s application of the "substantial similarity" test (used to determine whether the previous storefront collisions were admissible as evidence, not to determine the legal matter of duty as Plaintiff's opposition insinuates) still turned on the risk of "uncontrolled vehicles hitting at or near a … store entrance and endangering pedestrians …." *Id.* at 345. If anything, this persuasive authority supports Dollar Tree's reliance on *Howe v. Stubbs*: the facts of *Howe* and the instant case both involve allegations of uncontrolled vehicles crashing into storefronts, for which the Maine Supreme Judicial Court has held a store has no duty to protect against. 570 A.2d, at 1203–04.

For the reasons set forth above, Dollar Tree respectfully requests that this Court dismiss Plaintiff's Complaint as to the claims against Dollar Tree with prejudice, and grant all other relief it deems just and proper.

Respectfully submitted,

*/s/ Trager Metge*
Attorney for DOLLAR TREE STORES, INC.,

Trager Metge, Bar No. 011213
Raymond J. Hunter Pro Hac Vice
Segal McCambridge Singer & Mahoney
233 S. Wacker, Suite 5500, Chicago, Illinois 60606
T: (312) 645-7800
E: tmetge@smsm.com

## CERTIFICATE OF SERVICE

I, Trager Metge, counsel for the Defendant Dollar Tree Stores, Inc., hereby certify that on February 18, 2025, the foregoing document will be sent electronically via CM/ECF to all counsel of record.

*/s/ Trager Metge*
Trager Metge 001213