## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| DIANE G. MARTIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00032-LEW |
| | ) | |
| DOLLAR TREE STORES & | ) | |
| MCCUE CORPORATION | ) | |
| | ) | |
| Defendants | ) | |

## <u>ORDER ON PLAINTIFF'S MOTION TO REMAND</u>

Plaintiff Diane G. Martin initially brought this personal injury action in state court against Defendants Dollar Tree Stores, McCue Corporation, and other entities that have since been dismissed. Defendant Dollar Tree removed the action to federal court. Before the Court is Plaintiff's Motion to Remand (ECF No. 5). For the following reasons, Plaintiff's Motion is GRANTED. All other pending motions (ECF No. 2) are DISMISSED AS MOOT.

## BACKGROUND[1]

Plaintiff Martin, a Maine citizen, was standing in a checkout line at a Dollar Tree in Ellsworth when a truck crashed through the safety bollards in front of the store, smashed through the storefront, and injured her. Martin sued in Kennebec County Superior Court

---

[1] This background is drawn from Plaintiffs Motion (ECF No. 5), Defendant Dollar Tree's Response in Opposition (ECF No. 13), Plaintiff's Reply (ECF No. 19), and the underlying state court docket (ECF No. 8).

to recover damages for her injuries.  The Complaint names four defendants: (1) Joseph LaFrance, also a Mainer and the driver of the truck, (2) Dollar Tree Stores, Inc., a Virginia company, (3) McCue Corporation, a Missouri and Massachusetts company that  installed the bollards, and (4) Miser Investments, LLC, a Maine company that leased the store to Dollar Tree.  Martin alleges LaFrance, Dollar Tree, and Miser Investments were all negligent—LaFrance for his role in crashing into the store and Dollar Tree and Miser for installing bollards that were neither crash-tested nor engineered to withstand a motor vehicle crash.  Martin also sought to hold McCue Corporation liable under a theory of strict liability.

The case proceeded through discovery in state court.  On Miser's part, it responded to Martin's written discovery requests four months after the case began.  It stated that it neither possessed the property nor purchased the bollards.  Nonetheless, Miser Investments remained a defendant and, another four months later, Martin began taking depositions specific to the store's design and bollard selection.  During this time, Martin settled her claim with LaFrance, and he was dismissed.

Following the deposition of Dollar Tree's corporate designee, Miser Investments' counsel reached out to Martin, stating:

> As you know from the recent deposition of Defendant Dollar Tree's designee that they chose to put bollards in and selected the type.  I just do not see a basis for [Miser] to be a Defendant.  I can file a Summary Judgment but would prefer not to.  Would you give me a Voluntary Dismissal without Prejudice?

Martin agreed and, a little over a year after litigation began, Miser Investments was dismissed from the case.

2

With only Dollar Tree and McCue Corporation remaining as defendants, Dollar Tree filed a Notice of Removal (ECF No. 1), seeking a federal venue to resolve Martin's claims. Martin now moves to remand this case back to state court and for an award of attorney's fees.

## DISCUSSION

If a Plaintiff files a state action over which a federal court would have had original jurisdiction based on diversity, a defendant may generally remove the action to federal court. 28 U.S.C. § 1441(b)(2). Diversity jurisdiction requires complete diversity between the plaintiff's and the defendants' citizenship. 28 U.S.C. § 1332. Corporations are considered citizens of their states of incorporation and the state of their principal place of business. *Id.* § 1332(c)(1).

A federal court would not have jurisdiction over Martin's initial action because Martin, LaFrance, and Miser Investments are all citizens of Maine. However, "if the case stated by the initial pleading is not removable," a defendant may still remove the case "within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1441(b)(3). Thus, after LaFrance and Miser Investments were dismissed from the case, the case became potentially removable. Potentially because there are some caveats.

First, for removal based on diversity jurisdiction, all defendants must join in or consent to the removal action. *Id.* § 1441(b)(2)(A). Second, even if a case eventually becomes removable, it "may not be removed . . . on the basis of [diversity

jurisdiction] . . . more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent [removal]." *Id.* § 1446(c)(1).

Martin moves the Court to remand this action back to state court based both on Dollar Tree's alleged failure to obtain co-defendant McCue Corporation's consent and the fact that Dollar Tree's notice of removal came more than one year after this action began. Beyond that, Martin contends she is entitled to an award of attorney's fees incurred because of this removal. Dollar Tree counters that it had McCue Corporation's consent, if in substance rather than form, and that the timing of removal is due to Martin's bad-faith conduct.

## A.    MCCUE CORPORATION'S CONSENT

As the only remaining co-defendant at the time of removal, McCue Corporation must have joined or consented to Dollar Tree's removal. 28 U.S.C. § 1446(b)(2)(A). This unanimity requirement serves to protect Plaintiffs from litigating the same case in separate forums, co-defendants from being subject to another co-defendant's choice of forum, and courts from engaging in wasteful, duplicitous litigation. *See Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009). Dollar Tree's notice of removal stated it "corresponded by telephone to counsel for the sole remaining co-defendant, McCue Corporation, to inform him that Dollar Tree Stores viewed this case as removable and would seek to remove this case. McCue Corporation's Counsel stated that he did not have an objection to such removal." Notice of Removal (ECF No. 1) at 1. Dollar Tree asserts this is a form of consent in satisfaction of the unanimity requirement.

4

In *Esposito*, the First Circuit laid out "a number of guideposts" federal courts look at to ascertain whether a defendant has consented to removal. *Esposito*, 590 F.3d at 76. None of them are needed here because defendant McCue Corporation has made clear it did not and does not consent to removal. Dollar Tree's notice of removal gave only half the story. Per McCue Corporation's counsel's own declaration, in the same telephone call where he stated his nonobjection, he also informed Dollar Tree that he "could not agree to or consent to the Notice of Removal without [his client's] consent." Decl. of Attorney Franco (ECF No. 5-1) at 16. If that were not enough, McCue Corporation's counsel supplemented his declaration to provide that McCue Corporation "has still not consented to removal of this action to federal court." Suppl. Decl. of Attorney Franco (ECF No. 19-2) at 1.

Dollar Tree has failed to meet the uniformity requirement. The animating purposes of the requirement require that the case be remanded to state court.

## B.    Removal Timing and Plaintiff's Alleged Bad Faith

McCue Corporation's lack of consent is an independent basis for remanding this case. But I turn to Dollar Tree's bad-faith arguments only in the interest of completeness and because Martin's conduct is relevant in my decision on attorney's fees. *See Lotus Dev. Corp. v. Borderland Int'l, Inc.* 140 F.3d 70, 76 n.5 ("We note that courts have exercised their discretion to tailor fee awards in light of the behavior of the parties during litigation.").

Dollar Tree's notice of removal was filed about two months after the statutory one-year limit. For this removal to be proper, Dollar Tree must show Martin's bad-faith conduct prevented them from removing the case within the statutory timeframe. 28 U.S.C.

§ 1446(c)(1).  To assess bad faith, courts consider whether a plaintiff engaged in "strategic gamesmanship to prevent a defendant's removal from state court."  *Aroostook Cnty. Fed. Sav. & Loan v. Marrett*, No. 23-CV-00006, 2023 WL 2868144, at * (D. Me. Apr. 10, 2023) (quoting *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014)).  The question is ultimately whether Martin "engag[ed] in intentional conduct—action or inaction—to defeat removal."  *Brown v. GlaxoSmithKline LLC*, No. 19-cv-10647, 2019 U.S. Dist. LEXIS 998811, at *41 (D. Mass. June 13, 2019).  In assessing Martin's conduct, I am mindful that the removal statute should be narrowly construed.  *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100, 108-109 (1941).

Dollar Tree argues that Martin became aware that she had no claim against Miser Investments a mere five months into litigation, when Miser responded to written discovery requests, yet did not move to dismiss Miser until after a year of litigation passed.  In Dollar Tree's view, this delay "suggests strategic behavior designed to prevent this removal." Def.'s Response at 13.  Once again, Dollar Tree's position is cut down by the papers before the Court.

It seems even Miser did not believe the case against it could be dropped so quickly. Miser did not request a voluntary dismissal until almost a year into the litigation.  And Miser's request was not predicated on written discovery responses, but Martin's later depositions.  Miser Investments' own counsel stated he "did not believe [Martin's counsel], or any other experienced Counsel, would agree to the dismissal of [Miser] until depositions had been taken of certain individuals with knowledge of [Miser's] role in the facts at issue in this case."  Decl. of Attorney Costlow (ECF No. 19-3) at 1.  Beyond that, it seems Dollar

Tree's own discovery conduct was, in part, responsible for the timing of Miser's dismissal. As Miser's counsel puts it, Dollar Tree's "failure to answer [Miser's] Request for Admission in a forthcoming manner was responsible, in part, for my client remaining in this action." *Id.* at 2.

Martin's actions regarding the dismissal of co-defendants were, by all appearances of record, reasonable. I do not find Martin's desire to take depositions after written discovery yielded little fruit to be some cloak-and-dagger approach to staying in state court. Evidently, neither did any party except Dollar Tree. Martin did not act in bad-faith, and Dollar Tree has not satisfied the statutory requirements for removal.

## C.    Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

The statutory criteria for removal were not satisfied, and that much was clear when Dollar Tree attempted to remove this case. Dollar Tree failed both to obtain McCue Corporation's consent to removal and to show Martin acted in bad faith to prevent removal. I find that Dollar Tree lacked an "objectively reasonable basis" to remove this case. *Id.* As such, this case's brief stint in federal court has been nothing more than a waste of resources for all involved. As the party that improperly caused this waste, Dollar Tree will foot the bill.

## CONCLUSION

For the above reasons Plaintiff's Motion to Remand (ECF No. 5) is GRANTED. Dollar Tree's pending Motion for Judgment on the Pleadings (ECF No. 2) is DISMISSED AS MOOT.  Plaintiff has 30 days from the issuance of this order to file a memorandum and supporting evidence specifying reasonable cost and fees to be awarded.  The Court will retain this case until the fee award is resolved.

**SO ORDERED.**

Dated this 8th day of May, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge